# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 14 2018, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Raymond P. Dudlo
Stoll Keenon Ogden PLLC
Evansville, Indiana

ATTORNEY FOR APPELLEE

Keith M. Wallace
Keith Wallace Law
Evansville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

In Re the Adoption of L.A.Z.:

L.Z.,

*Appellant-Respondent,*

v.

E.G.,

*Appellee-Petitioner*

May 14, 2018

Court of Appeals Case No.
26A01-1711-AD-2828

Appeal from the Gibson Circuit Court

The Honorable Jeffrey F. Meade, Judge

Trial Court Cause No.
26C01-1704-AD-625

**Vaidik, Chief Judge.**

# Case Summary

[1] L.Z. ("Father") appeals the trial court's order that his consent for E.G. ("Stepfather") to adopt his minor daughter is not required. Finding no error, we affirm.

# Facts and Procedural History

[2] Father and N.G. ("Mother") were married in March 2010, and Mother gave birth to their daughter, L.A.Z., in October 2010. On May 21, 2013, Father was arrested and charged with domestic battery against Mother, and a no-contact order was issued. The following day Father was released on bond. On May 31 Mother filed for divorce. In August, while the divorce was pending, a provisional child-support order was entered, and Father was ordered to pay $86 per week. At this time, Father was receiving monthly disability payments from the Department of Veterans Affairs (VA) and was able to work. Tr. Vol. II p. 35.

[3] Three months later, on November 4, Father was arrested for violating the no-contact order. Father remained in jail until November 27, when the trial court accepted his guilty plea to the domestic-battery charge and sentenced him to six months of work release. Around this same time, the divorce was finalized. Mother was awarded custody of L.A.Z., and Father's child-support obligation was modified to $74 per week. As of November 2013, Father had not made any child-support payments and had an arrearage of $860.

[4] In March 2014, Father was arrested and charged with burglary and other related offenses. He pled guilty and was sentenced to twelve years. In December 2014, Father petitioned to abate his child-support obligation because of his incarceration. The court approved Father's request and set his child-support payment at $0. However, as of that time, Father still had not paid any child support and had an arrearage of $5152.

[5] In September 2016, Father, who was still incarcerated, received a payment of $3000 to $5000 from the Department of Veterans Affairs (VA). He sent some of the money to his attorney and some to a "girlfriend" he had never met.[1] Father also sent $300 to Mother "to go towards [L.A.Z.]." *Id.* at 12. As of September 2016, this was the only child-support payment Father had made.

[6] After dating for two years, Mother and Stepfather were married in January 2017. Three months later, Stepfather petitioned to adopt L.A.Z. Father contested the adoption, and a hearing was held in September 2017. The trial court concluded that Father's consent was not necessary because, for a period of at least three years, Father had failed to provide for the care and support of L.A.Z. despite being able to do so as required by law or judicial decree. Two months after the hearing, the court approved Stepfather's petition for adoption.

[7] Father now appeals.

---

[1] At the hearing in this matter, Stepfather's attorney stated that Father had never met the "girlfriend." Tr. Vol. II p. 54. Father did not contest this at the hearing and does not contest it on appeal.

# Discussion and Decision

[8] Father argues that the trial court erred when it concluded that his consent to the adoption was not necessary. In most cases, a natural parent must consent to the adoption of their minor child. However, consent is not required from:

> A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
> > (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
> >
> > (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

Ind. Code § 31-19-9-8(a)(2). The petitioner has the burden of proving by clear and convincing evidence that the non-custodial parent's consent to a stepparent adoption is not required. *In re Adoption of S.W.*, 979 N.E.2d 633, 640 (Ind. Ct. App. 2012).

[9] "When reviewing adoption proceedings, we presume that the trial court's decision is correct, and the appellant bears the burden of rebutting this presumption." *In re Adoption of O.R.*, 16 N.E.3d 965, 972 (Ind. 2014). We will not disturb the trial court's ruling "unless the evidence leads to but one conclusion and the trial judge reached an opposite conclusion." *Id.* at 973. We will not reweigh the evidence or judge witness credibility, and we will only examine the evidence most favorable to the trial court's conclusion. *Id.*

[10] Father contends that the trial court erred when it concluded that he knowingly failed to provide care and support for L.A.Z. when able to do so as required by law or judicial decree because (1) he was not "required" to pay child support since December 2014 and (2) he was unable to make payments because he had no income due to his incarceration. Father is correct that the court abated his child-support obligation in December 2014, but he omits the fact that he was obligated to pay and failed to pay child support for the previous sixteen months—$86 per week from August 2013 to November 2013 and $74 per week from November 2013 until the abatement in December 2014—amassing an arrearage of $5152. The statute requires only a one-year period of non-support when a parent is able. And by his own admission, Father received income from the VA and was physically able to work when not incarcerated, and he was not incarcerated for approximately six of the seven months from August 2013 to March 2014. However, none of that money was used to support or care for L.A.Z. Furthermore, when Father received $3000 to $5000 in September 2016, he chose to send money to a "girlfriend" that could have been sent to Mother to support L.A.Z. and pay down his arrearage. Accordingly, the trial court's conclusion that Father's consent was not necessary because he had knowingly failed to provide for the care and support of L.A.Z. when able to do so as required by law or judicial decree was not clearly erroneous.[2]

---

[2] The trial court also concluded that Father's consent was not necessary because Father failed for at least one year to communicate significantly with L.A.Z. when able to do so. Father challenges this conclusion. Indiana Code section 31-19-9-8(a)(2) is written in the disjunctive, and either provision provides a ground for

Affirmed.

Barnes, J. and Pyle, J., concur.

---

dispensing with parental consent. *S.W.*, 979 N.E.2d at 640. Because we affirm on the ground that Father failed to support L.A.Z. for at least one year, we do not address this argument.